Thomas James SAVAGE, Plaintiff-Appellant,

v.

The STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellee.

No. 84CA0501.

Colorado Court of Appeals, Div. II.

June 20, 1985.

Bradley J. Yoder, Paul Snyder, Castle Rock, for plaintiff-appellant (on the briefs).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellee.

KELLY, Judge.

Plaintiff, Thomas James Savage, appeals from the trial court judgment affirming an order of the Colorado Department of Revenue, Motor Vehicle Division (the Department) which extended the period of suspension of his driver's license. We affirm.

On February 23, 1983, plaintiff's driving privileges were reinstated from a prior sus-

pension. On the same day, plaintiff received a speeding ticket which subsequently resulted in a conviction. At a hearing before the Department to determine whether the suspension of his license should be extended because of that conviction, plaintiff argued that the evidence failed to establish that the violation had occurred prior to the reinstatement and that it was therefore insufficient to support an extension of suspension.

The hearing officer ordered an extension of the suspension period, noting in his hearing report that he had reviewed a copy of the citation which showed that the violation occurred at 7:17 A.M. on February 23. He also noted that the Department did not open for the purpose of conducting business until 8:30 A.M. and that the violation therefore occurred prior to the reinstatement. The district court affirmed the hearing officer's decision.

On appeal, plaintiff contends that the Department's decision is not supported by substantial evidence because the records presented at his hearing did not establish that the violation occurred before the reinstatement. We disagree.

An agency is entitled to take notice of information which is contained in its records. *Aurora v. Civil Service Commission,* 40 Colo.App. 98, 570 P.2d 253 (1977). Section 42–2–130(3), C.R.S. (1984 Repl. Vol. 17) authorizes the Department to examine its records to determine whether an offense has been committed during a period of suspension or revocation and to determine whether such period should be extended.

Here, it is undisputed that the citation which provided the basis for the Department's decision was not presented at the hearing but was contained in the Department's records. It is also undisputed that the citation was a matter of public record and was available to plaintiff upon his request. At the hearing, plaintiff was informed of the facts and information upon which the hearing officer relied and did not contest their accuracy.

Under these circumstances, we conclude that the hearing officer did not err in taking notice of the information contained in the citation.

Judgment affirmed.

SMITH and METZGER, JJ., concur.